UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,               CRIMINAL CASE NO. 05-CR-80391-DT

vs.

                                HON. JULIAN ABELE COOK, JR.

JOEL CHARLEY (2),         MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL (DOCKET ## 28, 29, 30, 31)

On May 10, 2005 a federal grand jury indicted Joel Charley ("Defendant") on charges of conspiracy to distribute cocaine and marijuana, conspiracy to launder monetary instruments and criminal forfeiture. On December 28, 2005 Defendant filed four motions to compel discovery. The Government responded to these motions on January 12, 2005. District Court Judge Julian Abele Cook referred all four motions to this Court for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) on February 6, 2006. A hearing was subsequently held on April 28, 2006. These motions are now before this Court.

* * * * * * * * * *

In his motions, Defendant seeks the disclosure of material under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972); and the Jencks Act (18 U.S.C. § 3500) four weeks prior to trial. The Government responded that it has already provided Defendant with discovery in

1

compliance with Standing Order No. 03-AO-027 and that it will further provide Defendant with any remaining *Brady* and Jencks Act discovery two weeks before trial. Not filed with the Court was the attachment to the Government's motion detailing the discovery.

At the hearing, Defendant clarified that he is seeking advance disclosure of impeachment material pursuant to *Giglio* and the Jencks Act. Defendant indicated that he believes there are approximately six out-of-town witnesses who will testify against him at trial. He contended that these circumstances necessitate the disclosure of *Brady* and Jencks Act material four weeks prior to trial so that he may adequately prepare his defense. The Government informed the Court that: (1) it had already turned over an abundant amount of discovery to Defendant in December 2005 and January 2006[1]; (2) it was not aware of any directly exculpatory *Brady* material that exists in this case; (3) Defendant is already aware of the identity of one witness who will testify against him pursuant to a cooperation agreement with the Government; and (4) it has only withheld discovery pertaining to about six witnesses, which includes law enforcement summaries of interviews with said witnesses and the witnesses' plea agreements.

Upon consideration of the parties' motions and briefs, and the oral arguments presented, the Court does **DENY** Defendant's Motions to Compel Discovery (Docket ## 28, 29, 30, 31).

The Government's duty to provide Defendant with discovery is continuous and derives from the Due Process Clause. *See United States v. Lopez*, 915 F. Supp. 891, 899

---

[1] At the hearing, the Government provided the Court with a letter to defense counsel dated December 19, 2005 which notes the discovery provided to Defendant. The Government also informed the Court that it had turned over various audiotape recordings to defense counsel in January 2006.

(E.D. Mich. 1996).  If there is no information indicating that the Government has failed to fulfill this duty, a court order is not necessary to establish or define the Government's duty. *Id.*  Such is the case here.  There is also nothing before this Court suggesting that the Government's withholding of any *Giglio* material until two weeks prior to trial will preclude Defendant's "effective use" of that evidence.  *See United States v. Hart*, 376 F. Supp. 2d 736, 739-742 (E.D. Mich. 2005). Furthermore, although the Government has agreed to turn over any material that falls within the ambit of the Jencks Act material two weeks before trial, the Court may not order such advance disclosure.  *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).  Consequently, Defendant's motions to compel discovery must be **DENIED.**

**IT IS SO ORDERED.**

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Under 28 U.S.C. § 636(b)(1)(A), the parties to this action may seek review of this Order with the District Court.  The parties must act within ten (10) days of service of entry of this Order pursuant to E.D. Mich. L. Crim. R. 12.1 and L.R. 7.1.

Dated: May 02, 2006		s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE

## **Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 02, 2006         s/ Lisa C. Bartlett
                            Courtroom Deputy